# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDWINIA G. SCOTT,

                Plaintiff,

v.

A.O. SMITH,

                Defendant.

Case No. 18-CV-198-JPS

**ORDER**

      Plaintiff Edwinia G. Scott, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #4). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

      On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff avers that she is unemployed, married, and has no dependents. (Docket #4 at 1). She does not know her monthly income and states that "God" is her employer. *Id.* at 2. She claims that her total monthly expenses are around $800 and that she has less than $100 in the bank. *Id.* at 3.

Plaintiff's sworn statements regarding her income, assets, and expenses are somewhat incoherent, leaving the Court unsure about her true financial circumstances. But because she appears to have averred that her expenses exceed her income, and because she has almost no money or other assets, the Court finds that she is indigent. She will be granted leave to proceed *in forma pauperis* and will not be required to prepay the filing fee in this action.

Notwithstanding the payment of any filing fee, however, when a plaintiff asks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's complaint falls short of even this low bar. She has sued her former employer, A.O. Smith, a manufacturer of water heaters. (Docket #1 at 3). She says that she worked there in 1974 as a welder and injured her back while on the job. *Id.* She was referred to a specialist by her doctor and received treatment. *Id.* Apparently it did not assuage her pain or injuries, as Plaintiff complains that "A.O. Smith did nothing for 12 years" and she filed a complaint against them. *Id.*

However, it is not entirely clear what she complained about at that time. She says her present suit is "because I have been treated unfair and have not been told the right thing to do for over 30 years." *Id.* Does Plaintiff mean that she was treated unfairly with respect to her back injury? If so, she gives no particulars as to what A.O. Smith did or failed to do that harmed her. Later, she asserts that "A.O. Smith, the union, doctors and police all worked together" to harm her, suggesting perhaps that she sought worker's compensation for her injury and was denied. *Id.* at 4.

Plaintiff continues, noting that she has been in pain for many years and wants A.O. Smith to pay her medical bills, including for time spent at "the crazy hospital." *Id.* She claims she has lost money and her job because

of "the unfair treatment." *Id.* No lawyer will take her case because she cannot pay for their representation. *Id.*

The final page of Plaintiff's complaint takes a sharp left turn and includes some allegations about her husband's death. *Id.* at 5. She says that he was severely burned in June 2015 and passed away in August 2017 "because of the unfair treatment." *Id.* It is unclear whether she means he received poor medical treatment, or because the injury he received had something to do with A.O. Smith, or because she and her late husband were subjected to "senior abuse." *See id.* Again, she reports that she filed a complaint—with whom and about what exactly, she does not say—and "nothing was done." *Id.*

Plaintiff cites no basis for the Court's subject-matter jurisdiction over her claims. A federal court's jurisdiction is generally limited to two types of suits: (1) those between citizens of different States, called "diversity" jurisdiction, pursuant to 28 U.S.C. § 1332; and (2) those involving causes of action arising under federal law, known as "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331.

First, Plaintiff is a Milwaukee resident, and A.O. Smith is headquartered in Milwaukee. Because Plaintiff and A.O. Smith are both citizens of the same State,[1] there can be no diversity jurisdiction in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

Second, there is no federal cause of action raised by any of Plaintiff's allegations. If she has a claim for worker's compensation against A.O.

---

[1] Although Plaintiff does not allege the citizenship of A.O. Smith, because it is headquartered here, it must be considered a citizen of Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

Smith, her exclusive remedy is the Wisconsin Worker's Compensation Act, Wis. Stat. § 102.03 *et seq.* Likewise, if she takes exception to her medical treatment, a medical malpractice claim would be governed by Wisconsin state law. *See id.* § 655.001 *et seq.* Further, her bare suggestion that she was "treated unfairly" does not plausibly implicate any federal employment or disability discrimination law, nor does it appear she timely complied with the administrative exhaustion process that must precede a suit under such laws, or that she timely filed suit after the conclusion of that process, assuming it in fact occurred. *See* 42 U.S.C. § 2000e-5(e)–(f). Finally, to the extent she seeks to recover for her deceased husband's injuries or death, such claims must also be made under state law, as there appears to be no conceivable violation of federal law under the circumstances.

To be sure, there are numerous other problems with Plaintiff's complaint, including the incoherence of her allegations and the probability that her state-law claims are long since barred by the applicable statutes of limitation. But because the Court has found that it lacks subject-matter jurisdiction over this action, it must end its analysis without addressing these questions. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). As a result, the Court will dismiss this action for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #4) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge